IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Cynthia Clark; and <br> All Others Similarly Situated <br>     Plaintiffs, <br><br> v. <br><br> Kuifs Petroleum, L.P., and <br> Quality Fuels, L.L.C. <br>     Defendants. | Civil Action <br> File No. 4:19-cv- <br><br> Jury Demanded |

**PLAINTIFF'S ORIGINAL COMPLAINT**

NOW COME PLAINTIFFS, Cynthia Clark ("Ms. Clark" or "Plaintiff"), and all others similarly situated, and complain of Defendants Kuifs Petroleum, L.P. and Quality Fuels, L.L.C. ("Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

**I.**
**INTRODUCTION AND SUMMARY OF SUIT**

1. Ms. Clark and Members of the Plaintiff Class file this collective action suit under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking to recover unpaid wages, including overtime wages, from the Defendants.

2. The Defendants own, operate and control multiple gasoline stations / convenience stores in the Houston and surrounding areas ("Gas Stations").

3. In violation of the FLSA, Defendants failed to pay Ms. Clark and Members of the Plaintiff Class their wages. Ms. Clark and Members of the Plaintiff Class routinely worked in excess of 40 hours a week for the Defendants, yet they did not receive overtime wages as the FLSA requires. *See* 29 U.S.C. § 207(a). The Defendants have a uniform enterprise-wide policy of not paying their employees' wages. Defendants require their employees to work off-the-clock and to work without receiving their full wages earned.

1

4. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendants' willful failure to pay overtime wages to Ms. Clark and to Members of the Plaintiff Class. Defendants, having been sued before under the FLSA by their employees, are well aware of the pay requirements of the FLSA, and have nevertheless failed to follow such requirements.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

5. Plaintiff files this suit pursuant to the FLSA, a federal statute. 28 U.S.C. §1331.

6. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

7. Plaintiff, **Cynthia Clark**, is a resident of Harris County, Texas. Plaintiff was an employee who worked at one of Defendants' Gas Stations as a clerk.

8. **Members of the "Plaintiff Class"** are current and former non-exempt employees of Defendants who work, or worked, at one or more Gas Stations during the relevant period.

9. Defendant, **Kuifs Petroleum, L.P.,** is a Texas limited partnership that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Irfan Ibrahim, at 8803 Boulder Springs, Houston, Texas 77083, or at any other address where he may be found. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff and Members of the Plaintiff Class. Further, this Defendant is engaged in business in the State of Texas.

10. Defendant, **Quality Fuels, L.L.C.**, the sole general partner of Defendant Kuifs Petroleum, L.P., is a Texas limited liability company that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Irfan Ibrahim, at 8803 Boulder

Springs, Houston, Texas 77083, or at any other address where he may be found.  This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff and Members of the Plaintiff Class.  Further, this Defendant is engaged in business in Texas.

11. Whenever this complaint alleges that the Defendants committed any act or omission, it is meant that such act or omission was not only committed individually or jointly by the Defendants, but also by Defendants' officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## FLSA Coverage

12. For purposes of this action, the "relevant period" or "class period" is the time-period commencing on the date that is three years prior to the filing date of this action (i.e., August 20, 2016), and continuing thereafter until time of trial and judgment.

13. At all material times, each Defendant was an "employer". 29 U.S.C. § 203(d).

14. At all material times, Plaintiff and each Member of the Plaintiff Class was an "employee". 29 U.S.C. § 203(e).

15. At all material times, Defendants and their Gas Stations were an "enterprise". 29 U.S.C. § 203(r) and 29 U.S.C. § 203(s)(1)(A).

16. Further, Defendants and their Gas Stations are an integrated enterprise, in that "[s]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

17. At all material times, Defendants and their Gas Stations were an enterprise engaged in commerce or in the production of goods for commerce because they had employees who were engaged in commerce. 29 U.S.C. § 203(s)(1).

18. Further, Defendants and their Gas Stations have had, and continue to have, annual gross business volume in excess of the statutory standard.

19. At all material times, Plaintiff and each Member of the Plaintiff Class was an individual employee engaged in commerce or in the production of goods for commerce as defined at 29 U.S.C. § 207.

## V.
### COLLECTIVE ACTION ALLEGATIONS

20. Ms. Clark seeks conditional certification of this case as a collective action under 29 U.S.C. § 216(b). See also, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995). The "similarly situated" standard at the initial conditional certification stage is lenient, plaintiff's burden is not heavy, the evidence needed is minimal and the existence of some variations between potential claimants is not determinative of lack of similarity. *Prejean v. O'Brien's Response Mgmt.*, 2013 U.S. Dist. LEXIS 158948 *15.

21. Further, in instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination. *Velazquez v. FPS LP*, 2014 U.S. Dist. LEXIS 107073, *16, 2014 WL 3843639 (Hon. Harmon, J.), quoting *McKnight v. D. Houston., Inc.*, 756 F. Supp. 2d 794, 806 (S.D. Tex. 2010) (Hon. Rosenthal, J.).

22. As such, class certification is appropriate for all Gas Station clerks during the relevant period. Plaintiff seeks notice to issue to all non-exempt employees of the Defendants who

together were victims of Defendants' widespread and identical violations of the FLSA.

23. Plaintiff worked some overtime hours for which she received straight-time pay, and did not receive any wages for hours she worked off-the-clock.

24. Defendants' wide-spread policy and practice violated the FLSA because it allows for non-payment of their employees' overtime hours at the required premium overtime pay rate, and in some instances, no pay at all. *See* 29 U.S.C. §207(a)(1) and §206.

25. By failing to document all hours worked by Plaintiff and Members of the Plaintiff Class, Defendants also committed repeated and willful violations of the recordkeeping requirements of the FLSA. *See,* 29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27.

26. During the class period, the Defendants owned, controlled and operated the Gas Stations, and they set this pay policy shared by all such businesses.

27. The common policy of paying straight-time wages for overtime hours worked (or not paying any wages for off-the-clock hours worked) by employees is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

28. Members of the Plaintiff Class (including Ms. Clark) have been victimized by Defendants' ill-conceived patterns, practices, and policies that violate the FLSA.

29. Plaintiff's experience was typical of the experiences of Members of the Plaintiff Class as it pertains to unpaid overtime and off-the-clock violations; and, the specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment because of said legal nexus binding them together as a class.

30. Further, although the amount of damages may vary among Members of the Plaintiff Class, there is no detraction from the common nucleus of liability facts that render this matter appropriate as a collective action under 29 U.S.C. § 216(b).

31. All current and former non-exempt employees, regardless of job title, job requirements, or rate of pay, to whom the Defendants denied overtime compensation for hours worked in excess of 40 in one or more workweek (or to whom Defendants failed to pay wages for hours worked off-the-clock), are similarly situated to Plaintiff, and are thus appropriate members of the Plaintiff Class.

32. All current and former non-exempt employees employed by business establishments the Defendants owned, controlled and/or operated, who at any time during the three years prior to the date of filing of this action to the date of judgment were denied overtime compensation in any given workweek may properly be included as members of the Plaintiff Class.

33. Thus, the two opt-in classes Ms. Clark seeks to represent includes <u>all clerks and similarly employed workers who worked or currently work at any Gas Station, and who were paid at a straight-time rate for hours worked in excess of forty in any workweek during the period of August 20, 2016, through the present (and/or who worked off-the-clock without pay during any part of this period)</u>.

34. Individuals who opt into the collective action will be added to the litigation, and their written consents to join the collective action will be filed with the Court.

## VI.
### FACTS

35. Defendants employed Ms. Clark as an hourly paid clerk at one of their Gas Stations from March 15, 2019, until August 11, 2019.

36. As a clerk, Plaintiff's job duties included operating the cash register, assisting customers with gasoline and other purchases from the convenience store, and upkeep and cleaning of the premises.

37. The Defendants required Ms. Clark to work overtime hours during each workweek, and she was not paid for some of these overtime hours at the proper premium hourly rate. Similarly, the Defendants required Ms. Clark to work off-the-clock and the Defendants failed to pay her for such time worked.

38. Similarly, all Members of the Plaintiff Class seeking to join the collective action were not paid some of their overtime wages because Defendants have a wide-spread policy of paying straight-time wages for some overtime worked. Defendants also failed to pay Members of the Plaintiff Class wages for hours they worked off-the-clock.

39. Defendants controlled the terms and conditions of Ms. Clark's employment, including decisions to pay some but not all wages due (i.e., non-payment of overtime wages and off-the-clock work); her hourly pay rate; the number of hours she worked during each workweek; and the operation and management of the Gas Station where Ms. Clark worked.

40. The Defendants together own(ed), control(led) and/or operate(d) the business establishments where Plaintiff Clark and Members of the Plaintiff Class worked, and the Defendants had authority over the operations of these businesses.

## VII.
### CAUSE OF ACTION AND DAMAGES SOUGHT

**<u>Violation of the FLSA –
Failure to pay wages to Ms. Clark and all others similarly situated</u>**

41. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

42. Plaintiff and Members of the Plaintiff Class are non-exempt employees – that is,

they are entitled to receive overtime wages pursuant to the FLSA for all hours they worked in excess of 40 during each seven-day workweek.

43. During their employment with the Defendants, Plaintiff Clark and Members of the Plaintiff Class worked overtime hours on a weekly basis at the request of their employer without receiving overtime pay for some of these overtime hours.

44. Defendants' practice of paying some but not all overtime wages to Ms. Clark and to Members of the Plaintiff Class violates the FLSA. See, 29 U.S.C. § 207.

45. Further, Defendants' practice of not paying Ms. Clark and Members of the Plaintiff Class their wages for off-the-clock hours worked violates the FLSA. See, 29 U.S.C. §§ 206, 207.

46. Because Defendants have a wide-spread policy and practice of not paying employees' overtime and off-the-clock wages, the Defendants and the businesses they controlled committed repeated, continuing, and willful violations of 29 U.S.C. § 201, *et seq*. Defendants knowingly committed these violations of the FLSA.

47. Plaintiff and Members of the Plaintiff Class now sue for all unpaid overtime wages and unpaid off-the-clock wages falling within the three-year period preceding the filing of this civil action, and continuing thereafter until time of jury verdict and judgment.

48. Plaintiff and Members of the Plaintiff Class also seek liquidated damages in amounts equaling all of their unpaid wages.

49. Plaintiff and Members of the Plaintiff Class seek attorney's fees and costs for bringing this action pursuant to the FLSA. 29 U.S.C. §216(b) states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

50. Plaintiff and Members of the Plaintiff Class seek post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

# VIII.
## JURY DEMAND

51.    Plaintiff and Members of the Plaintiff Class demand a jury trial.

# IX.
## PRAYER FOR RELIEF

FOR THESE REASONS, Plaintiff Cynthia Clark and Members of the Plaintiff Class respectfully request that upon final hearing the Honorable Court grant relief and enter final judgment against Defendants Kuifs Petroleum, L.P. and Quality Fuels, L.L.C., jointly and severally, as follows:

    a.    Authorize issuance of notice to all individuals falling within the classes as defined in Paragraph 33, informing them of their right to participate in this lawsuit;

    b.    Declare the Defendants violated 29 U.S.C. § 207 by failing to pay Plaintiff and Members of the Plaintiff Class their overtime wages;

    c.    Declare the Defendants violated 29 U.S.C. §§ 206 and 207 by failing to pay Plaintiff and Members of the Plaintiff Class their wages for hours worked off-the-clock;

    d.    Declare the Defendants' violations of the FLSA are willful;

    e.    Order Defendants to pay all overtime wages owed to Plaintiff and to Members of the Plaintiff Class;

    f.    Order Defendants to pay all wages owed to Plaintiff and to Members of the Plaintiff Class resulting from Defendants' requirement to have their employees work off-the-clock without any pay;

    g.    Order Defendants to pay liquidated damages to Plaintiff and to Members of the Plaintiff Class in an amount equaling all unpaid wages;

    h.    In accordance with 29 U.S.C. §216(b), order the Defendants to pay reasonable attorney's fees and costs that Plaintiff and Members of the Plaintiff Class necessarily incurred prosecuting this civil action;

    i.    Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts assessed against the Defendants, including attorney fees and costs; and,

    j.    Order all other necessary relief, whether legal, equitable or injunctive, to effectuate the remedial purpose and directives of the FLSA as determined by the United States Congress.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: <u>*/s/ Salar Ali Ahmed*</u>
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Frwy., Suite 1920
Houston, Texas 77074
Telephone: (713) 223-1300
Facsimile: (713) 255-0013
aahmedlaw@gmail.com

**Attorney for Cynthia Clark and Members of the Plaintiff Class**